## 31156. MILLER v. THE STATE.

PER CURIAM.

This appeal involves the issue of a hung jury during the sentencing phase of a murder case after the accused had been convicted of murder during the guilty-not guilty phase of the trial. After conviction for murder, only two sentences can be imposed: the death penalty or life imprisonment. After approximately ten hours of deliberation concerning the sentence to be imposed in this case, the jury was deadlocked at 11-1. The trial judge then declared a mistrial as to the sentence to be imposed.

The state then filed a motion asserting that the death penalty had not been waived, and that the state still sought the imposition of the death penalty in this case. The state moved that a new jury be impaneled and that a new sentencing trial be conducted to determine the sentence.

Counsel for the accused then filed a written response to the state's motion. In pertinent part it was: "Defendant objects to the Court's order of October 2, 1975, declaring a mistrial in the above-styled case. Defendant further objects to a new jury being impaneled and to the Court ordering a new trial in the above-styled case contending that the defendant was in jeopardy before the Court declared a mistrial and the defendant did not agree to the mistrial. Defendant contends that the only possible course of action the Court can take is to sentence the defendant to life imprisonment since the jury who considered his punishment did not recommend the death penalty."

The trial judge then entered an order granting the

state's motion, he granted a certificate for immediate review of that order, and this court then granted an interlocutory appeal on the issue presented.

Code Ann. § 26-3102, enacted in 1973, provides: "Where, upon a trial by jury, a person is convicted of an offense which may be punishable by death, a sentence of death shall not be imposed unless the jury verdict includes a finding of at least one statutory aggravating circumstance and a recommendation that such sentence be imposed. Where a statutory aggravating circumstance is found and a recommendation of death is made, the court shall sentence the defendant to death. Where a sentence of death is not recommended by the jury, the court shall sentence the defendant to imprisonment as provided by law. Unless the jury trying the case makes a finding of at least one statutory aggravating circumstance and recommends the death sentence in its verdict, the court shall not sentence the defendant to death, provided that no such finding of statutory aggravating circumstance shall be necessary in offenses of treason or aircraft hijacking. The provisions of this section shall not affect a sentence when the case is tried without a jury or when the judge accepts a plea of guilty."

Code Ann. § 27-2503 (b), enacted in 1974, provides: "In all cases in which the death penalty may be imposed and which are tried by a jury, upon a return of a verdict of guilty by the jury, the court shall resume the trial and conduct a presentence hearing before the jury. Such hearing shall be conducted in the same manner as presentence hearings conducted before the judge as provided in subsection (a) of this section. Upon the conclusion of the evidence and arguments, the judge shall give the jury appropriate instructions, and the jury shall retire to determine whether any mitigating or aggravating circumstances, as defined in section 27-2534.1, exist and whether to recommend mercy for the defendant. Upon the findings of the jury, the judge shall fix a sentence within the limits prescribed by law."

Reading these two statutory provisions together, we conclude that "unless the jury trying the case makes a finding of at least one statutory aggravating circumstance and recommends the death sentence in its

verdict, the court shall not sentence the defendant to death."

Both of these statutes apply only to the sentencing phase of a capital case after conviction. We interpret them to mean that the jury that convicted must also impose the sentence; and in a murder case, after conviction, where only two sentences can be imposed, life imprisonment or death, if the convicting jury is unable to agree on which of those two sentences to impose, the trial judge must impose the lesser, life imprisonment. However, we also hold that a new trial on the sentence can be held before a new jury where the jury that convicted the accused also sentenced him to death and the sentence was reversed on appeal because of some error that infected the sentence. In such a situation, there can be a remand for a new trial as to the sentence only.

The convicting jury in this case, because of its inability to agree upon the imposition of one of the two sentences provided by law, did not make a finding as to the existence of at least one statutory aggravating circumstance, and it further did not make a recommendation that the death penalty be imposed.

Without reaching the constitutional issue of double jeopardy, we conclude that these applicable statutes, in the situation herein described, require the trial judge to impose a sentence of life imprisonment.

The judgment is reversed and direction is given that a life sentence be imposed in this case.

*Judgment reversed with direction. All the Justices concur, except Gunter, J., who concurs specially, and Nichols, C. J., and Undercofler, P. J., who dissent.*

ARGUED JUNE 16, 1976 — DECIDED SEPTEMBER 8, 1976 — REHEARING DENIED SEPTEMBER 27, 1976.

*J. W. Claxton, James R. Venable,* for appellant.

*William H. Ison, District Attorney, James W. Bradley, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

HILL, Justice, concurring.

I concur in the opinion and judgment of the court and

in the denial of the motion for rehearing. I wish to add a short explanation in response to the district attorney's motion for rehearing.

The district attorney argues that the result in this case is contrary to our decision in *Orvis v. State,* 237 Ga. 6 (226 SE2d 570) (1976), in which we found no double jeopardy bar following two mistrials which resulted from hung juries. In *Orvis* (237 Ga. at 8) we pointed out that "... the possibility of a retrial after the discharge of the jury for failure to agree also serves to prevent a single juror from unreasonably holding out for acquittal, causing a mistrial, and thereby invoking the bar of double jeopardy single-handedly."

By motion for rehearing the district attorney points out that the decision in this case will permit one juror single-handedly to prevent the imposition of the death penalty. He urges that the decision in this case is inconsistent with *Orvis*.

*Orvis* involved the constitutional bar of double jeopardy; this decision involves statutory construction, not double jeopardy. *Orvis* involved a hung jury as to guilt or innocence; this case involves a hung jury as to imposing the death sentence. There is a difference between a juror not being able to single-handedly invoke the bar of double jeopardy and free a person indicted for crime, and a juror (after being qualified by the state as to the death penalty and being accepted as a juror) being able to single-handedly cause a life sentence (rather than the death penalty) to be imposed. The public is not unprotected when a Witherspoon qualified juror holds out for a life sentence.

I am authorized to state that Justice Hall joins in this concurrence.

GUNTER, Justice, concurring specially.

I concur in the court's judgment in this case, but since I do so for different reasons, I deem it appropriate to set forth those reasons.

It is my view that Georgia's current statutory provisions that permit the imposition of the death penalty in certain specified cases are in violation of the Georgia Constitution. See my separate opinions in *Coley v. State,*

231 Ga. 829 (204 SE2d 612) (1974); *Street v. State,* 237 Ga. 307, and *Duhart v. State,* 237 Ga. 426.

Additionally, it is my view that the constitutional principle of double jeopardy is applicable to the sentencing phase of a trial under Georgia's current statutory provisions that permit the imposition or non-imposition of the death penalty by a jury. Under this state's procedure, one convicted of murder has a statutory right to have the convicting jury determine which of the two sentences provided by law shall be imposed. If the jury declines to impose either sentence, the lesser of the two must be imposed by the court, and the impaneling of a new jury for the determination of which of the two sentences should be imposed violates the double jeopardy provision and the due process provision contained in the Federal Constitution. See my dissenting opinions in *Cameron v. Caldwell,* 232 Ga. 611 (208 SE2d 441) (1974); *Wood v. State,* 234 Ga. 758 (218 SE2d 47) (1975); *Orvis v. State,* 237 Ga. 6 (226 SE2d 570), and *Riley v. State,* 237 Ga. 124 (226 SE2d 922).

UNDERCOFLER, Presiding Justice, dissenting.

The majority opinion has found a verdict where none exists. It is like a skyhook. It may be a good idea but there is nothing to support it. From time immemorial the failure of a jury to reach a verdict resulting in a mistrial permits the matter to be retried. The statutes relied upon by the majority do not alter this rule. They merely require the jury to be precise in its verdict where the death penalty is under consideration. However, they clearly contemplate a jury verdict. "Unless the jury trying the cases makes a finding of at least one statutory aggravating circumstance and recommends the death sentence *in its verdict,* the court shall not sentence the defendant to death . . ." Code Ann. § 26-3102. (Emphasis supplied.) "Upon the conclusion of the evidence and arguments, the judge shall give the appropriate instructions, and the jury shall retire to determine whether any mitigating or aggravating circumstances, as defined in section 27-2534.1, exist and whether to recommend mercy for the defendant. *Upon the findings of the jury,* the judge shall fix a sentence within the limits

prescribed by law." Code Ann. § 27-2503 (b). (Emphasis supplied.)

Also a "hung jury" has never been construed as double jeopardy under the Federal or State Constitution. Likewise it is not double jeopardy under Georgia statutes. "Termination [of the trial] under any of the following circumstances is not improper: ... (2) The trial court finds that termination is necessary because ... (c) The jury is unable to agree upon a verdict..." Code Ann. § 26-507 (e).