## 57697. BOLDEN v. THE STATE.

DEEN, Chief Judge.

1. The defendant did not deny that he shot and wounded the victim. He, his girl friend, the victim, and two disinterested witnesses who were present in the store testified, and the only serious conflict is whether, as the defendant was at the door with his back to the victim, the victim seized the defendant and pitched him into the door, or whether he merely tapped him on the back and said something about not fighting. Thus, the basic question is whether the defendant acted in self-defense, and a substantial portion of the evidence of disinterested witnesses was to the effect that he did not. The general grounds are without merit. *Toole v. State,* 146 Ga. App. 305 (1) (246 SE2d 338) (1978).

2. After the state's attorney elicited from one of the bystanders that the victim had slung the defendant into the door, the witness continued by stating that he let go of the defendant, did not have his hands on him, the defendant turned, drew his gun and shot, and the victim at that time had no weapon, the question was asked: "Did you see any other reason for Mr. Bolden shooting?" The question was objected to on the ground that it called for a conclusion. The question may or may not have called for a conclusion, but, in view of the fact that the answer was a mere negative (the witness saw nothing further) its admission was at most harmless error. *Smith v. State,* 15 Ga. App. 713 (1) (84 SE 159) (1914).

3. Where no objection is made in the trial court to the allowance of evidence relating to other crimes committed by the defendant, the objection is waived. *Brown v. State,* 226 Ga. 114 (3) (172 SE2d 666) (1970). The mere making of an objection, if on an invalid ground, will not require a reversal. *Boggs v. Griffeth Bros. Tire Co.,* 125 Ga. App. 304 (1) (187 SE2d 915) (1972). The only objection to the testimony offered was "that the answer is not responsive to the question." As a matter of fact the answer was responsive to the question; that was its defect. But the point cannot be raised here for the first time where not urged on the trial of the case.

*Judgment affirmed. McMurray, P. J., and Birdsong,*

*J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 11, 1979 — DECIDED JUNE 13, 1979.

*R. Allen Hunt, Charles Gary Hodges,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.