## 61234. SUTPHIN v. McDANIEL.

CARLEY, Judge.

Appellant-plaintiff appeals from the judgment of the trial court entered on a jury verdict for appellee-defendant in this personal injury automobile collision action.

1. Appellant first argues that "[t]he trial court erred in allowing questioning of Appellant regarding termination of her no fault disability income payments and the Social Security Administration's denial of her application for disability income benefits" because these issues allegedly were prejudicial and irrelevant to the case.

We find no reversible error. The record shows that appellant failed to interpose specific or timely objections to the questions she now contends were improper. In order to raise on appeal contentions concerning admissibility of evidence "the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted

as a matter of course unless a valid ground of objection is interposed." *Boggs v. Griffeth Bros. Tire Co.,* 125 Ga. App. 304, 309 (187 SE2d 915) (1972). See also *Bolden v. State,* 150 Ga. App. 298 (257 SE2d 367) (1979). Appellant's first enumeration of error is without merit.

2. The remaining enumerations of error concerning the trial court's charge to the jury are without merit. The record discloses that, upon the completion of his charge, the trial judge *specifically* asked if appellant had any exceptions to the charge. Appellant's trial counsel replied, "I have no exceptions." The law in this state is well settled that "[a] party in a civil case cannot complain of the giving or failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, unless it appears that the error contended is blatantly apparent and prejudicial." *Mathews v. Penley,* 242 Ga. 192, 193 (249 SE2d 552) (1978). See also Code Ann. § 70-207; *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921) (1976). We find that neither of the charges cited by appellant come within the "blatantly apparent and prejudicial" exception. Appellant's arguments to the contrary are unpersuasive.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 3, 1981.

*David J. Kelley,* for appellant.
*Richard A. Brown,* for appellee.