## 65051. JACKSON v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of aggravated assault on a police officer. All of appellant's enumerations of error relate to the admissibility of the opinion testimony given by four police officers as to whether or not appellant understood the difference between right and wrong. On appeal, appellant contends that the opinion testimony was not preceded by a proper and sufficient foundation and that the police officers were biased and had not had sufficient time to observe appellant before forming their opinions.

Appellant's only objection in connection with any of the challenged testimony was made after the first of the four officers to testify was asked whether he had an opinion as to appellant's understanding of the difference between right and wrong. This objection — that no foundation had been laid for such testimony — was *sustained.* An off-the-record bench conference followed, after which the police officer gave testimony setting forth the basis for his opinion and then gave his opinion. No objection was made to the sufficiency of the foundation testimony of this officer, or to his opinion testimony. Nor was there any objection to any of the subsequent opinion testimony of the other officers.

"In order to raise on appeal contentions concerning admissibility of evidence 'the specific ground of objection must be

made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted as a matter of course unless a valid ground of objection is interposed.' [Cits.]" *Sutphin v. McDaniel,* 157 Ga. App. 732, 732-733 (278 SE2d 490) (1981). See also *Bolden v. State,* 150 Ga. App. 298 (3) (257 SE2d 367) (1979). Appellant's initial objection solely on the ground that no foundation was laid did not obviate the necessity for his further objection to the sufficiency of the subsequent foundation testimony or the prejudicial nature of the actual opinion testimony so as to preserve these issues for appellate review. See generally *Campbell v. Mutual Svc. Corp.,* 152 Ga. App. 493, 494 (263 SE2d 202) (1979); *Goober v. Nix,* 128 Ga. App. 578, 579 (3) (197 SE2d 486) (1973); *Fried v. Richard,* 119 Ga. App. 667 (3) (168 SE2d 339) (1969). Appellant's enumerations of error are without merit.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 15, 1983.

*H. Stewart Brown,* for appellant.

*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney,* for appellee.