## 39636. HILL v. THE STATE.

MARSHALL, Presiding Justice.

The appellant, Tony Curtis Hill, was convicted of murder and given the death sentence; however, in federal habeas corpus proceedings, the death sentence was set aside and a retrial ordered as to sentencing.

At the subsequent sentencing hearing, the jury returned a finding of the statutory aggravating circumstance found at OCGA § 17-10-30 (b) (7) (Code Ann. § 27-2534.1); however, the jury deadlocked 10 to 2 in favor of recommending the death penalty. The trial judge declared a mistrial and ordered a new sentencing hearing. We granted the appellant's application to appeal. We reverse.

"[I]n a murder case, after conviction, where only two sentences can be imposed, life imprisonment or death, if the convicting jury is unable to agree on which of those two sentences to impose, the trial judge must impose the lesser, life imprisonment. However, we also hold that a new trial on the sentence can be held before a new jury where the jury that convicted the accused also sentenced him to death and the sentence was reversed on appeal because of some error that infected the sentence." *Miller v. State,* 237 Ga. 557, 559 (229 SE2d 376) (1976). On the other hand, if the convicting jury sentences the defendant to life imprisonment, this constitutes an acquittal of the charge that the evidence supports a finding of a statutory aggravating circumstance, and in any retrial the Double-Jeopardy Clause prohibits the defendant's being given the death sentence. Bullington v. Missouri, 451 U. S. 430 (101 SC 1852, 68 LE2d 270) (1981).

The present case is factually distinguishable from *Miller* in that "[t]he convicting jury in [*Miller*], because of its inability to agree upon the imposition of one of the two sentences provided by law, did not make a finding as to the existence of at least one statutory aggravating circumstance, and it further did not make a recommendation that the death penalty be imposed." 237 Ga., supra, at p. 559. Although in the present case the jury did return a finding of a statutory aggravating circumstance, the jury deadlocked on the question of whether the defendant should be given the death penalty. Thus, this case is controlled by *Miller,* in that here the jury was unable to agree on whether to impose a death or life sentence; in this event, *Miller* holds that under Georgia's statutory death-penalty provisions, pretermitting any constitutional question of double jeopardy, the trial judge must impose the lesser sentence of life imprisonment.

As stated in *Miller,* "Code Ann. § 26-3102 . . . [now OCGA §

17-10-31] provides: 'Where, upon a trial by jury, a person is convicted of an offense which may be punishable by death, a sentence of death shall not be imposed unless the jury verdict includes a finding of at least one statutory aggravating circumstance and a recommendation that such sentence be imposed. Where a statutory aggravating circumstance is found and a recommendation of death is made, the court shall sentence the defendant to death. Where a sentence of death is not recommended by the jury, the court shall sentence the defendant to imprisonment as provided by law...'" 237 Ga., supra, at p. 558. Here, a sentence of death was not recommended by the jury; and, therefore, OCGA § 17-10-31 (Code Ann. § 26-3102), as held in *Miller,* requires the court to sentence the defendant to life imprisonment.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 5, 1983.

James L. Cline, Jr., Roy R. Kelly III, for appellant.
Joseph H. Briley, District Attorney, Michael J. Bowers, Attorney General, for appellee.