## 40255. DANIELS v. THE STATE.

GREGORY, Justice.

Bobby L. Daniels was convicted by a jury in Fulton County for the malice murder of Herbert Gene Taylor. After being sentenced to life imprisonment, he appeals. We affirm.

The evidence presented at trial shows that during the morning of July 18, 1982, Herbert Taylor asked at least two persons, including his former employer, to lend him money because he "really needed the money" and that he "was in a financial strain." Later that evening, the deceased went to the Sanabella Lounge located on Simpson Road in Atlanta and talked with other patrons at the bar. He then went out front of the lounge and continued conversing just outside the entrance. Several witnesses testified that suddenly, appellant walked up to the deceased and stated "you're going to pay me." Appellant pulled a .38 caliber pistol and shot Herbert Taylor. Taylor threw up his arms and then attempted to crawl back into the lounge. Additional shots were fired by appellant after which he immediately fled the scene. Taylor died as a result of the gunshot wounds. The witnesses testified that appellant was wearing a blue work uniform including a bibbed cap, weighed between 160 and 170 pounds and was medium height. Appellant was arrested approximately six weeks later when identified by an eyewitness at the Tasty Dog restaurant located next to the Sanabella Lounge.

Appellant testified at trial and denied knowing Herbert Taylor. Appellant said that on July 18, 1982 he went to the Rib Shack restaurant on Auburn Avenue, a cafe on Boulevard, and returned to his apartment on Simpson Road. He stated he did not go to the Sanabella Lounge until after the shooting had occurred. The owner of the Rib Shack restaurant on Auburn Avenue testified her restaurant was closed on Sunday, July 18, 1982.

1. In his first enumeration of error, appellant contends the trial court erred in not suppressing the eyewitness testimony of Eleazar Buckins. Mr. Buckins, the owner of the Sanabella Lounge, testified he saw the appellant and the victim sitting together just before the shooting. After Mr. Buckins heard shots fired, he saw the appellant

running away from the lounge. When he arrived at trial, Mr. Buckins observed appellant sitting with eight other prisoners in the jury box. He then identified appellant as the man with the victim and brought this information to the district attorney's attention.

Appellant argues that the witness' viewing him in the jury box as he awaited trial impermissibly tainted the witness' in-court identification of the appellant. We disagree. There is no evidence that the police or prosecutor conducted an identification procedure by placing the defendant and others in the jury box. The chance viewing of a defendant in the company of several other prisoners by a witness immediately prior to trial is not unduly suggestive. *McClesky v. State,* 245 Ga. 108 (2) (263 SE2d 146) (1980); *Robinson v. State,* 164 Ga. App. 379 (3) (296 SE2d 225) (1982). We find no merit in this enumeration of error.

2. In his second enumeration, appellant contends the trial court erred in admitting the testimony of Ben Thomas that the victim had asked to borrow money from him on the day he was killed. Appellant argues this testimony was inadmissible hearsay. The State counters that the testimony contained facts to ascertain the motive of the killing. OCGA § 24-3-2 (Code Ann. § 38-302). Pretermitting the question of whether this testimony was inadmissible hearsay or admissible to show motive, there is no merit in this ground, for the reason that substantially the same testimony from another witness was admitted without objection. *Hicks v. Hicks,* 196 Ga. 541 (27 SE2d 7) (1943). Another State's witness, Jimmy Hunter, testified the victim told him he was in a financial strain and needed money. This testimony was not objected to.

3. In his third enumeration, appellant contends the evidence did not support the verdict and the trial court erred in not granting his motion for a directed verdict of acquittal. A review of the record in this case in the light most favorable to the verdict shows that a rational finder of fact could have found the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. In his fourth enumeration of error appellant contends the trial court erred in not striking the testimony of Pam Wilson. The essence of her testimony was that on the day of the killing, about 4:30 in the afternoon, appellant left the house where he was living accompanied by Pam Wilson's mother and a woman named "Cookie," and that appellant sometimes wore a burgundy bibbed cap embroidered with a Playboy symbol.

Appellant contends this testimony was irrelevant and inadmissible. We hold that testimony was relevant as part of the identification evidence and to place the appellant in the general

vicinity of the crime at a time not far removed from the time of the murder. We find no merit in this contention. The evidence admitted made the desired inference more probable than it would be without the evidence. McCormick on Evidence, § 185, p. 437 (1972).

5. In his next enumeration, appellant contends the trial court erred in ruling that appellant had waived the attorney-client privilege by presenting the attorney who represented him at the preliminary hearing as a witness at trial. On direct examination, the attorney testified that State's witness Leo Morgan had told her investigator that appellant was not the gunman, contrary to his trial testimony. On cross-examination, the attorney testified that appellant told her he did not commit the crime and that he was on Auburn Avenue at the time of the commission of the crime. Appellant urges this latter testimony violated the attorney-client privilege. We need not reach a decision as to whether or not the privilege was violated by this testimony. The error, if any, was harmless because this testimony buttressed the appellant's alibi defense and was actually helpful to him. We find no merit in this contention.

6. In his sixth enumeration of error, appellant contends the trial court erred in denying his motion for a mistrial. The basis of appellant's motion was that the prosecutor had improperly placed his character into evidence. During his direct examination, appellant testified the most he ever weighed was 150 pounds. Several eyewitnesses had testified that the perpetrator weighed more than 150 pounds. On cross-examination, the prosecutor sought to establish that appellant once weighed more than 150 pounds but had recently lost weight due to a gunshot injury. This, appellant argues, improperly placed his character into evidence. We disagree.

Evidence that is otherwise relevant and material to the issues in a criminal case does not become inadmissible simply because it incidentally puts a defendant's character or reputation into evidence. *McKenzie v. State,* 248 Ga. 294 (5) (282 SE2d 95) (1981); *Drake v. State,* 245 Ga. 798 (3) (267 SE2d 237) (1980); *Spencer v. State,* 236 Ga. 697, 700 (224 SE2d 910) (1976). In a case involving identification testimony where the weight of the perpetrator is a factor, evidence involving the accused's weight and the reasons for rapid gain or loss of weight is relevant, material and admissible. The trial court did not err in denying appellant's motion for a mistrial.

7. In his seventh enumeration of error, appellant contends the trial court erred in allowing the State to introduce into evidence autopsy photographs of the victim. Appellant concedes he did not object to the admission of the photographs at trial. His failure to object at trial precludes his raising the error on appeal. *Willis v. State,* 249 Ga. 261, 266 (290 SE2d 87) (1982); *Harper v. State,* 249 Ga. 519,

533 (292 SE2d 389) (1982).

8. In his last enumeration of error, appellant contends the trial court erred in giving the jury an "Allen" charge. Appellant argues the Allen charge given is "bad law" and directs us to *Legare v. State,* 250 Ga. 875 (302 SE2d 351) (1983) to support his contention. We find *Legare* inapposite to the case sub judice. In *Legare* we dealt with the appropriateness of such a charge during the sentencing phase of death penalty cases and found it inappropriate. *Legare* at 876, 877.

The reason for an Allen charge, as stated by the Supreme Court of the United States, and approved by this court in *Anderson v. State,* 247 Ga. 397 (276 SE2d 603) (1981) and *Spaulding v. State,* 232 Ga. 411 (207 SE2d 43) (1974), are still valid. The trial court's decision to give the charge in this case was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1984.

*Derek H. Jones,* for appellant.

*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.