## 70091. DOUGLAS v. THE STATE.
### (332 SE2d 361)

SOGNIER, Judge.

Douglas appeals his convictions, in separate trials, of two armed

robberies.

1. Appellant contends the evidence in his first trial is not sufficient to support the verdict.

The evidence disclosed that on August 9, 1979 appellant robbed a waitress at a Pizza Hut at gunpoint. The manager was present at the time and both he and the waitress positively identified appellant as the person who committed the robbery. This evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Robinson v. State*, 164 Ga. App. 379 (1) (296 SE2d 225) (1982).

2. Appellant contends the trial court erred by admitting pretrial identification testimony in his first trial (robbery of a Pizza Hut on August 9, 1979) because the pretrial identifications were impermissibly suggestive, and therefore, he was denied due process of law. This enumeration of error is without merit.

Both the waitress and manager of the Pizza Hut testified that their identification of appellant was based on their observation of appellant at the time of the robbery, not on any pretrial lineups or photographic arrays. Further, the waitress did not attend a physical lineup and saw appellant for the first time after the robbery at trial, although she had selected his picture from some photographs shown to her by the police.

Even if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. *Price v. State*, 159 Ga. App. 662, 663 (1) (284 SE2d 676) (1981). Under the facts of this case we need only determine that the record supports the trial court's determination that the in-court identification was based on an independent origin rather than any irregularity in the pretrial identification procedures. *Robinson v. State*, supra at 382 (3). As the record supports that determination, the in-court identification was admissible.

3. Appellant contends the trial court erred in both trials by admitting testimony relating to his pretrial identification because witnesses collectively viewed a photographic array.

At a hearing outside the presence of the jury on appellant's motion to suppress identification testimony, Alfreda Benson, the victim of a robbery by appellant on June 25, 1979, testified that she was in a room with several people, one of whom was a witness, and saw some photographs. Pretermitting the question of whether this was a collective viewing by witnesses of a photographic array, Benson testified that her identification of appellant was based solely on the robbery, "[b]ecause something like that [the robbery] happens to me, I never forget it." Accordingly, for the reasons set forth in Division 2, this enumeration of error is without merit.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

Decided June 6, 1985.

*Kenneth D. Feldman*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Charles R. Douglas, Margaret V. Lines, Assistant District Attorneys*, for appellee.