## 72959. WILSON v. THE STATE.
(352 SE2d 618)

CARLEY, Judge.

Appellant was indicted for one count of robbery and one count of kidnapping. A jury found appellant guilty on both counts. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

1. The trial court allowed the victim to make an in-court identification of appellant. The trial court's ruling in this regard is enumerated as error. The contention is that, as the result of an impermissibly suggestive pre-trial confrontation, the victim's subsequent in-court identification of appellant was inadmissible. See *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

The pre-trial identification occurred on the day that had been set for appellant's preliminary hearing in municipal court. On that day, the victim had been present in the courtroom. Prior to commencement of any proceedings, the victim was asked if the perpetrator was among a group which included appellant and at least ten others of similar appearance. Nothing was done to suggest to the victim which, if any, of the men in the group might be suspected of being the perpetrator of the crimes. The victim approached the group and, when she spotted appellant, she pointed him out without hesitation. This pre-trial identification was clearly not the product of any impermissibly suggestive procedure. See generally *Daniels v. State*, 252 Ga. 30 (1)

(310 SE2d 904) (1984); *Prater v. State*, 148 Ga. App. 831, 841 (7) (253 SE2d 223) (1979). Compare *Bradley v. State*, 148 Ga. App. 722, 723 (2) (252 SE2d 648) (1979).

Moreover, even assuming that the pre-trial identification may have been unduly suggestive, this would not render the victim's in-court identification of appellant inadmissible. The record clearly shows that an independent basis was established for the reliability of the in-court identification made by the victim. *Price v. State*, 159 Ga. App. 662 (1) (284 SE2d 676) (1981); *Douglas v. State*, 175 Ga. App. 63, 64 (2) (332 SE2d 361) (1985). There was no error.

2. Alleging a sixth amendment violation, appellant separately enumerates as error the admission into evidence of testimony regarding his pre-trial identification by the victim. Citing *Moore v. Illinois*, 434 U. S. 220, 226 (98 SC 458, 54 LE2d 424) (1977), appellant urges that such testimony should have been excluded because defense counsel was not present when the identification took place " 'at or after the initiation of adversary judicial criminal proceedings. . . .' "

In *Moore*, "adversary judicial criminal proceedings" were initiated when a preliminary hearing was held. In the course of that hearing, the victim took the stand and identified the defendant as the perpetrator. Since the preliminary hearing was "a critical stage" in the prosecution, the failure to afford the defendant in *Moore* the benefit of counsel was a violation of his sixth amendment rights, which violation rendered the identification elicited from the victim during that "critical stage" inadmissible evidence. See *State v. Houston*, 234 Ga. 721 (218 SE2d 13) (1975); *Eiland v. State*, 246 Ga. 112, 114 (2) (268 SE2d 922) (1980).

The instant case is not controlled by *Moore*, however. Although appellant's pre-trial identification may have taken place on the day that had been set for his preliminary hearing, it nonetheless did not occur "at or after the institution of adversary judicial criminal proceedings" for the reason that no preliminary hearing was ever held. The record demonstrates that, as the result of appellant's age, all that actually occurred after he had been identified by the victim on the day in question was the transfer of the case to the juvenile court, with the result that neither the victim nor apparently anyone else ever gave any testimony. There is nothing to show that, had a preliminary hearing actually been held, appellant's sixth amendment rights would not have been scrupulously protected. Compare *Eiland v. State*, supra.

The record does show that appellant was not actually bound over to the superior court until such time as a hearing was conducted by the juvenile court at a much later date and, only thereafter was appellant indicted. Since the contested pre-trial identification occurred prior to "a critical stage of a criminal proceeding," the fact that it

may also have occurred without the participation of defense counsel shows no violation of appellant's sixth amendment rights. See generally *State v. Houston*, supra. Compare *Eiland v. State*, supra. Accordingly, there was no constitutional error in the admission of evidence concerning appellant's pre-trial identification by the victim.

3. Appellant enumerates as error the overruling of an objection to a portion of the District Attorney's closing argument. According to appellant, the argument related to facts which were not in evidence. It is clear, however, that the disputed argument was supported by inferences drawn from appellant's own statement which he had given to the investigating officer. "The state was merely arguing the unlikelihood that defendant's version of the facts occurred. In closing arguments each side is permitted to make any argument which is reasonably suggested by the evidence." *Durden v. State*, 250 Ga. 325, 329-330 (6) (297 SE2d 237) (1982). See also *Hubbard v. State*, 167 Ga. App. 32, 34 (4) (305 SE2d 849) (1983). "It is permissible for the district attorney in his argument to draw deductions from the evidence which may be even illogical, unreasonable or even absurd. [Cits.]" *Dudley v. State*, 148 Ga. App. 560, 563 (4) (251 SE2d 815) (1978). Compare *Hall v. State*, 180 Ga. App. 881 (350 SE2d 801) (1986) where there was absolutely no evidentiary basis for the remarks of the prosecuting attorney. There was no error.

4. During the redirect examination of the investigating officer, appellant objected that one of the State's questions sought to elicit irrelevant testimony and that the witness lacked the expert qualifications necessary to answer it. These objections were overruled. Appellant's enumeration of error on appeal is that "[t]he trial court erred when it allowed the State's witness to give an opinion as to an ultimate issue to be decided by the jury."

As the result of appellant's cross-examination, the questions regarding his investigative police work that the officer was being asked by the State on redirect examination were relevant. See generally *Garner v. State*, 180 Ga. App. 146 (1) (348 SE2d 690) (1986). The record further shows that the officer had been duly qualified as an expert in investigative police work. See generally *Howard v. State*, 177 Ga. App. 589 (2) (340 SE2d 212) (1986). Accordingly, the objections that appellant raised *to the question* that had been propounded to the officer were properly overruled by the trial court. The most that can be said is that a portion of the officer's answer could perhaps be construed as having exceeded the scope of the limited question that he had been asked. Although it is this portion of the officer's testimony that apparently forms the basis for appellant's enumeration of error, no objection was raised that the *officer's answer* had been partially unresponsive to the question. Accordingly, it cannot be said that the trial court allowed the officer to give the testimony that

is the subject of the appellant's enumeration of error. It was appellant who allowed the testimony into evidence by failing to invoke a timely ruling by the trial court. Under these circumstances, the admissibility of the officer's testimony has not been preserved for appellate review. See generally *Jackson v. State,* 165 Ga. App. 437 (301 SE2d 498) (1983).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1987.

*Drew Findling,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Raymond C. Mayer, Wendy Shoob, Assistant District Attorneys,* for appellee.