A90A0603. ZACKERY v. THE STATE.
(395 SE2d 71)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of burglary. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

Appellant moved that the in-court identification testimony of one of the State's witnesses be suppressed on the ground that the witness' testimony had been tainted by an impermissibly suggestive pretrial photographic display. The trial court's denial of this motion is appellant's sole enumeration of error.

The record shows that, at the hearing on the suppression motion, the witness testified that his identification of appellant was based upon his "going back on memory, not necessarily the picture that the officer showed [him]. Best of [his] recollection." Accordingly, the trial court did not err in denying the motion to suppress the witness' in-court testimony. "Even if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. [Cit.] Under the facts of this case we need only determine that the record supports the trial court's determination that the in-court identification was based on an independent origin rather than any irregularity in the pretrial identification procedures. [Cit.] As the record supports that determination, the in-court identification was admissible." *Douglas v. State*, 175 Ga. App. 63, 64 (2) (332 SE2d 361) (1985). See also *Burrell v. State*, 239 Ga. 792 (239 SE2d 11) (1977); *Hayes v. State*, 163 Ga. App. 177, 178 (2) (293 SE2d 62) (1982).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 8, 1990.

*Rosenzweig, Kam, Jones & McNabb, Douglas L. Dreyer*, for appellant.

*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney*, for appellee.