BARKETT, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s judgment with the exception of its conclusion that the jury’s reliance on Spivey’s subsequently vacated Bibb County conviction and sentence in violation of Johnson v. Mississippi was a harmless error. I believe that the jury’s consideration of Spivey’s vacated conviction and life sentence, combined with the prosecutor’s comments during closing arguments, fails to meet the Eighth Amendment’s “heightened ‘need for reliability in the determination that death is the appropriate punishment.’” Caldwell v. Mississippi, 472 U.S. 320, 340, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985) (quoting Woodson v. North Carolina, 428 U.S. 280, 305, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) *1286 (plurality opinion)). Thus, I believe Spivey is entitled to a new sentencing proceeding.
In Johnson v. Mississippi 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), the jury found three aggravating circumstances when sentencing Johnson for the murder of a Mississippi highway patrolman, one of which was that Johnson had “previously been convicted of a felony involving the use or threat of violence to the person of another.” Id. at 581, 108 S.Ct. 1981. During sentencing, the prosecutor repeatedly referred to this prior conviction in urging the jury to sentence Johnson to death. The jury did so. Although Johnson’s prior conviction was later vacated, the Mississippi Supreme Court nonetheless affirmed Johnson’s death sentence despite the jury’s consideration of the invalid conviction. Noting both the “special ‘need for reliability in the determination that death is the appropriate punishment’ in any capital case,” id. at 584, 108 S.Ct. 1981 (quoting Gardner v. Florida, 430 U.S. 349, 363-64, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977)), and the “possibility that the jury’s belief that petitioner had been convicted of a prior felony would be ‘decisive’ in the ‘choice between a life sentence and a death sentence’,” id.' at 586, 108 S.Ct. 1981 (quoting Gardner, 430 U.S. at 359, 97 S.Ct. 1197), the United States Supreme Court vacated the death sentence and remanded for re-sentencing. The Court held that the sentence of death was inconsistent with the Eighth Amendment’s prohibition against cruel and unusual punishment because “the jury was allowed to consider evidence that has been revealed to. be materially inaccurate.” Id. at 590, 108 S.Ct. 1981.
As the majority has noted, in order to grant habeas relief based on this trial error, we must find actual prejudice. Actual prejudice exists where the error “‘had substantial and injurious effect or influence in determining the jury’s verdict.’ ” Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). In Duest v. Singletary, 997 F.2d 1336 (11th Cir.1993), this Court, in considering whether habeas relief was warranted where “the jury had based its recommendation of death upon consideration of a prior criminal conviction which was later vacated,” id. at 1336, determined that the appropriate question was whether the jury’s consideration of the defendant’s vacated criminal conviction for armed assault with intent to murder “substantially influence[d] the verdict, or, at least, [if] a grave doubt exist[ed] as to whether it did.” Id. at 1339 (internal quotation marks omitted).[1] We found that Duest was prejudiced by evidence of his earlier conviction because “Duest’s sentencing jury was permitted to consider evidence that was materially inaccurate.” Id.
I do not believe the majority fairly analyzes the question of whether prejudice occurred in this case. The majority assumes the answer first, by positing the question in terms of whether the “marginal” impact of the conviction is prejudicial and next, by asserting without analysis that the impact of this additional evidence was “slight”. Evidence of a prior conviction may well have a slight impact in a given case. However, our responsibility is to examine the circumstance of this case to determine first, how the evidence of Spi-vey’s prior conviction and sentence was presented to the jury, and second, in light of that presentation, what impact that information may have had on the jury’s rec *1287 ommendation. In reversing the death sentence in Johnson, the Supreme Court found that
[t]he prosecutor repeatedly urged the jury to give [the prior conviction] weight in connection with its assigned task of balancing the aggravating and mitigating circumstances. Even without that express argument, there would be a possibility that the jury’s belief that petitioner had been convicted of a prior felony would be “decisive” in the “choice between a life sentence and a death sentence.”
Johnson, 486 U.S. at 586, 108 S.Ct. 1981 (citations omitted). As in Johnson and Duest, there is no question in this case that the jury’s attention was directly and emphatically drawn to the prior conviction and life sentence separate and apart from the underlying conduct. The prosecutor repeatedly urged the jury to sentence Spi-vey to death, arguing that precisely because of the previous conviction and life sentence, a life sentence would be a meaningless punishment in this case:
State’s Exhibit Number 22 among all the exhibits that you have to go out with you is an Indictment, a verdict of guilty, and a sentence to life imprisonment for the defendant in Bibb County, Geor-gia_ So your verdict of life imprisonment will not add one day of punishment to this man. Bear that in mind. Bear that in mind. And if that is not a slap on the wrist, and I don’t want to be flip by using terms like a slap on the wrist but if that is not that then what is it? What is it? It is literally two lives, two human lives for the price of one because a person only has one life. If he is sentenced to life imprisonment on the first murder and you give him life on the second, is that appropriate punishment?
(Tr. Trans.2462-63). In his closing argument during the sentencing hearing the prosecutor again urged the jury to impose a death sentence because of Spivey’s existing conviction and life sentence:
Counsel will make a compelling argument for life imprisonment.... But is that appropriate punishment when you consider the Macon case where he has already got a life sentence? Why do we even go through the effort of trying this case when he has already got a life sentence on a crime that happened within two or three hours of this? Well, you will answer that for us.
(Tr. Trans.2467).
The majority recognizes that “[a]t the sentencing stage, the jury faced the central question of whether to sentence Spi-vey to death or to life imprisonment.” Spivey was prejudiced here because the prosecutor presented the jury with a false choice between imposing death and imposing no punishment. Not only did the jury consider a conviction that has since been vacated, but the prosecutor presented the vacated life sentence not simply as a factor to consider but as the decisive factor in urging the jury to recommend a death sentence. One cannot ignore the government’s argument to the jury and assume, as I believe the majority appears to, that because a prior killing occurred on the same night, no juror would have recommended a life sentence.[2] Our task is not to uphold a sentence merely because we might have imposed that sentence had we been jurors. Rather,, our duty is to provide to the defendant that to which he is *1288 entitled — a jury of his peers who had true and accurate information on which to base their decision to impose a life or a death sentence. The circumstances in this case raise a sufficiently grave doubt in my mind that the jury’s consideration of Spivey’s vacated conviction and life sentence substantially influenced the sentence of death. See Duest, 997 F.2d at 1339. Therefore, I believe the death penalty imposed is constitutionally impermissible under Johnson and a new jury should be impaneled to consider the appropriate punishment based on accurate information.

. As in Duest, 997 F.2d at 1339, if even one juror who recommended the death sentence was substantially influenced by the existing life sentence, habeas relief is warranted because under Georgia law, if the sentencing jury does not unanimously recommend the death penalty, the trial court must impose a sentence of life imprisonment. See Hill v. State, 250 Ga. 821, 301 S.E.2d 269, 270 (1983); Romine v. State, 256 Ga. 521, 350 S.E.2d 446 (1986).