#### 41992. MAYWEATHER v. THE STATE.
(333 SE2d 597)

SMITH, Justice.

A Stephens County jury found appellant, Johnny Lee Mayweather, guilty of possession of a firearm by a convicted felon and guilty of the murder of Bessie Mae Wheeler, his former lover. Appellant was sentenced to five years imprisonment on the possession count and to life imprisonment for the murder. He raises two enumer-

ations of error. We affirm.[1]

On April 23, 1984, appellant placed a number of telephone calls to the victim. The victim's daughter testified that appellant called to threaten the victim. Appellant testified at trial that he merely called to explain to the victim why he had failed to call her the night before. In a pretrial statement he gave to the police, appellant stated that the victim had called him that morning to tell him that she had been out with another man on the previous night.

Shortly before noon, appellant drove to the victim's house where she was discussing an automotive tune-up with a friend. Appellant dropped a gun on the ground as he climbed out of his truck, and the friend ran away. Appellant picked up the gun, walked over to the car in which the victim was sitting, and placed his hand inside the window. The gun fired, fatally wounding the victim.

In his pretrial statement, appellant claimed that he and the victim had been arguing for a couple of weeks, and that he was particularly angry that she had supposedly been with another man. At trial, appellant claimed that he was not angry with her at all, and that she was angry with him over a separate domestic dispute. The victim's daughter testified that appellant expressed the desire to kill the victim a number of times in the hours preceding the shooting.

1. Although appellant has not raised the general grounds, we have reviewed the record and find the evidence sufficient to support the murder conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims that the trial court erred in refusing to charge the jury on involuntary manslaughter under OCGA § 16-5-3 (a). Where an act that causes a death is a felony, a requested charge on felony grade involuntary manslaughter is properly denied. *Richardson v. State*, 250 Ga. 506 (299 SE2d 715) (1983). Possession of the pistol by appellant, a convicted felon, constitutes a felony under OCGA § 16-11-131, and directly caused the victim's death. We find no error.

3. Appellant claims that the trial court erred in failing to charge the jury on voluntary manslaughter. We do not find the victim's alleged statement that she was out with another man sufficient to excite sudden, violent, and irresistible passion in a reasonable person, OCGA § 16-5-2. We find no error.

*Judgment affirmed. All the Justices concur.*

---

[1] The crime was committed on April 23, 1984. The Stephens County jury returned its verdict of guilty on September 27, 1984. A motion for new trial was filed on October 23, 1984. The transcript of evidence was filed on November 10, 1984. The motion for new trial was amended on October 25, 1984, heard on December 20, 1984 and overruled on December 21, 1984. Notice of appeal was filed December 27, 1984. The record was docketed in this court on January 25, 1985. The case was submitted on March 8, 1985.

DECIDED SEPTEMBER 5, 1985.

Dan T. Pressley, Sr., for appellant.

Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General, for appellee.