## A90A0425. FREEMAN v. THE STATE.
### (393 SE2d 496)

BEASLEY, Judge.

Freeman appeals his bench conviction for trafficking in cocaine, OCGA § 16-13-31 (a) (1). The case was tried on the stipulated evidence from the hearing on Freeman's motion to suppress. He challenges the trial court's denial of suppression.

1. Freeman contends that the initial stop of his vehicle was pretextual and without probable cause or articulable suspicion in violation of the Federal and State Constitutions and "OCGA § 17-5-2," apparently meaning OCGA § 17-5-1. Although he references the State Constitution and State statute, appellant argues solely cases applying the federal standard, so our consideration is limited to the Federal Constitutional ground. See *Davenport v. State*, 172 Ga. App. 848, 850 (2) (325 SE2d 173) (1984). If the stop were federally valid, he waived any invalidity based on State Constitutional or statutory grounds because they were not properly raised.

At approximately 8:52 a.m. a City of Atlanta police officer was on routine patrol at an intersection in front of a high school when he heard loud music coming from behind him, a half block or approximately six or seven hundred feet away. The noise became louder as the car pulled parallel to the patrol car. There were no other vehicles on the street. The officer deduced that the noise was coming from the car, which was being operated by Freeman. The officer pulled him over for playing the car radio too loudly in violation of city noise ordinances. See Atlanta City Code §§ 17-3102; 17-3103 (b) (1) and (2). He also noted that the windshield was cracked.

When asked for his driver's license and insurance, Freeman stated that the license had been taken from him. He produced an insurance card and a traffic citation given eleven days before for driving with a suspended license. OCGA § 40-5-121 (a). The officer confirmed by radio that Freeman's license had in fact been suspended two weeks earlier. Following standard operating procedure for a stop on a traffic violation, the officer called his supervisor and requested permission to arrest Freeman for driving with a suspended license. Permission was granted and the officer put Freeman in the back of the patrol car. He also planned to charge noise ordinance violation and driving an unsafe (cracked windshield) vehicle.

As the officer was completing the necessary paperwork, Freeman told him he had valuables, specifically children's toys, in his car and asked that he be allowed to let someone come for the vehicle. Because

of the car's unsafe condition, the officer denied the request but told Freeman he would secure the valuables in the car's trunk. The officer peered into the front seat area of Freeman's car and saw what appeared to be a child's cardboard toy box on the passenger side of the floorboard. The officer opened the box and discovered a brown paper bag containing 603 pieces of rock cocaine of 96.2 percent purity and weighing 474 grams.

" '[A]n officer may conduct a brief investigative stop of a vehicle, see *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979), [if] such a stop . . . [is] justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct, *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 1883, 20 LE2d 889, 909) (1968); *United States v. Brignoni-Ponce*, 422 U. S. 873 (95 SC 2574, 45 LE2d 607) (1975). . . .' *United States v. Cortez*, 449 U. S. 411, 417 (101 SC 690, 66 LE2d 621) (1981)." *Evans v. State*, 183 Ga. App. 436, 438 (2) (359 SE2d 174) (1987).

The undisputed circumstances do not demonstrate that the initial stop was pretextual. There is no evidence whatsoever that the initial purpose of the stop was to search for drugs. *Allen v. State*, 191 Ga. App. 623, 624 (1) (382 SE2d 690) (1989).

Furthermore, the officer had more than an articulable suspicion of prohibited conduct to stop appellant: he personally saw and heard the initial ordinance and traffic violations. Once appellant was validly stopped and the officer obtained information about his license status, there was probable cause for arrest on the suspended license charge as well. Because of the lawful arrest and the necessity to impound the vehicle due to its unsafe condition, the officer was authorized to search the passenger compartment. See *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221) (1986), applying *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768) (1981).

The trial court properly refused to suppress evidence of contraband on the basis that it stemmed from a pretextual stop unsupported by articulable suspicion or probable cause.

2. We do not address appellant's further contentions that the noise ordinance at issue is federally unconstitutional on its face because it is vague and overbroad and is likewise unconstitutional because it was applied capriciously. These constitutional arguments were not raised below and the right to raise them on appeal has been forfeited. See *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988); *Burroughs v. State*, 186 Ga. App. 40, 45 (12) (366 SE2d 378) (1988).

In any event, even if the noise ordinance could not withstand the constitutional challenges, there was other valid and lawful basis for the stop of appellant's vehicle. See Division 1.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 13, 1990.

*Dennis R. Scheib,* for appellant.
*Lewis R. Slaton, District Attorney, A. Thomas Jones, Joseph J. Drolet, Carl P. Greenberg, Assistant District Attorneys,* for appellee.