A90A2244. BEIDER v. THE STATE.
(404 SE2d 312)

BIRDSONG, Presiding Judge.
   Richard Alan Beider appeals his conviction for possession of marijuana. He alleges that the trial court erred by denying his motion to suppress; he also alleges that as his conviction was based upon illegally obtained evidence, the trial court erred by entering his conviction and sentence. *Held*:

   1. Although Beider contends his motion to suppress should have been granted because the rangers searched his truck after an illegal investigative stop, the trial court, after an evidentiary hearing on his motion, found that rangers from the State Department of Natural Resources were engaged in a legitimate investigative stop and that the subsequent seizure of the drug was authorized. Decisions on questions of fact and credibility made at a suppression hearing must be accepted unless clearly erroneous. *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428). The evidence introduced at the hearing shows that two rangers were investigating reports of illegal night hunting when they approached Beider and his friend. In the course of this conversation, one of the rangers said that he saw marijuana in the front of Beider's truck. This evidence amply supports the findings of the trial court. Further, we are satisfied that the ranger's conduct, i.e., looking in the truck window, did not constitute an illegal intrusion into Beider's truck. *Freeman v. State*, 195 Ga. App. 357 (393 SE2d 496); *Galloway v. State*, 178 Ga. App. 31, 33-34 (342 SE2d 473). Accordingly, the trial court did not err by denying Beider's motion to suppress.

   2. In view of our holding in Division 1, there was sufficient evidence to support the conviction under the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).
   *Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

Decided March 5, 1991 —
Rehearing denied March 20, 1991.

*Paul S. Weiner*, for appellant.
*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.