## A93A0632. LEWIS v. THE STATE.
(431 SE2d 445)

BEASLEY, Presiding Judge.

Lewis appeals from judgments of conviction and sentences entered for two counts of selling cocaine, OCGA § 16-13-30 (b). He was acquitted of a third count, and his motion for new trial was denied.

On June 5, 1991, members of a joint drug task force investigating crack cocaine activity in Calhoun, Georgia, outfitted a confidential informant with a pocket micro-cassette tape recorder and instructed him to go to a specified area to purchase drugs from a man named Bennett. If the informant was unable to locate that person, he was told to purchase contraband from anyone who attempted to sell it to him. The informant drove to that location where he encountered a

Mr. Wilkey who asked what he was looking for. Appellant subsequently approached and sold the informant a quantity of crack cocaine. About 25 minutes later, the informant returned to the sheriff's office with the contraband. Appellant was acquitted of charges stemming from this transaction.

On June 10, police met again with the informant, giving him $20 in county funds and instructions to attempt to purchase cocaine from appellant and Wilkey. This time the informant was equipped with a remote transmitter, which enabled police to monitor his conversations. The investigating officers remained in range of the transmitter and contemporaneously monitored the transaction. The informant returned to the same area, made contact with Wilkey and appellant and purchased crack cocaine. Again the informant returned to the sheriff's office where he surrendered the contraband.

On July 27, police placed the informant in a van with a transmitting device and instructed him to drive through the west side of Calhoun and purchase cocaine from anyone who solicited him for that purpose. They monitored the transaction from a nearby patrol car. Appellant approached the van and sold crack cocaine to the informant. This transaction was observed by officers concealed in the van.

Appellant testified in his own defense that he was visiting with his parents in Cleveland, Ohio, during the relevant dates. He introduced a cancelled envelope mailed from there on July 25, showing "B. Lewis" as sender.

1. Appellant contends that the trial court erred in admitting by testimony the contents of his custodial statement which impermissibly placed his character in evidence and denied him a fair trial.

Although the statement was provided to appellant pursuant to his pre-trial discovery motion, nothing further appears in the record with respect to it until the investigating officer was questioned as a State's witness at trial. It was established through his testimony that upon being taken into custody, appellant executed a waiver of *Miranda* rights and made an oral statement to police. The officer prepared a typewritten statement from his notes of the interview, which appellant acknowledged with his signature. When the State sought to introduce the document, appellant "renewed" his objection to its admissibility, without stating specific grounds therefor. No previous objection is contained in the record, although an unreported bench conference was held at the State's request prior to presenting evidence concerning the statement. The court sustained the objection in that it refused to allow the document to be published to the jury or admitted in evidence; however, the officer was permitted to read the statement into the record, as follows: "My name is Barry Lewis, I am twenty-eight years old, I live in Calhoun, Georgia. I am aware that R. L. Paris, W. R. Gallman, and Randy Garigan are law enforcement of-

ficers. They have advised me of my rights to remain silent and to have a lawyer present with me. Now, having these rights in mind, I do hereby make the following statement. I do not remember going with Poochy Wilkey and a white guy [informant] in a brown Olds Cutlass to get some cocaine. I do not remember selling cocaine to the same white guy driving an old white van on the Westside in Calhoun on June 27, 1991. I am not denying that I sell cocaine, I do sell it occasionally, but I can't remember these specific occasions. I do not sell cocaine everyday. I can read and write the English language, and I have reviewed this statement before signing it. It is true and accurate. The investigators have not threatened me or promised me anything."[1] This testimony was received without objection.

Appellant's enumeration of error is couched solely in terms of impermissible character evidence. We find no such objection asserted below. In *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) (1991), this court refused to consider a claim of improper character evidence where that specific ground of objection was not made when the evidence was offered at trial. "Reversal of the trial court is not authorized on the basis of an evidentiary ruling that the trial court was never called upon to make." Id. at 198. Likewise, in the absence of a specific objection below, it was waived.

2. The standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) has been satisfied.

*Judgments affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 18, 1993.

*William R. Thompson, Jr.*, for appellant.

*T. Joseph Campbell*, District Attorney, *Rebecca B. Tierce, Sharon M. Fox*, Assistant District Attorneys, for appellee.

---

[1] Appellant's statement also contained a reference to a prior arrest for selling cocaine, which was not conveyed to the jury.