A94A1020. PERRY v. THE STATE.
(448 SE2d 74)

Judge Harold R. Banke.

The appellant, Fred Perry, and several co-defendants were indicted and tried for trafficking in cocaine and possession of cocaine with the intent to distribute. The appellant was convicted of both offenses, but his co-defendants were only convicted of possession of cocaine. This appeal followed.

On March 3, 1992, two City of Atlanta police officers set up surveillance from a vacant apartment in Carver Homes and observed the appellant and five other individuals make several drug sales. During the transactions, the appellant's co-defendants retrieved the cocaine from a paper bag hidden in some shrubbery and usually gave the appellant the money received from the customers. After observing this activity for approximately thirty minutes, the two officers left the apartment and arrested the appellant and his cohorts. The appellant had $900, but no drugs, on his person.

1. The appellant contends that the State improperly placed his character in issue several times during the trial. He first complains about the testimony of the arresting officers that the appellant ap-

peared to be in charge of the drug trafficking they witnessed. However, "[i]t is well settled that all of the circumstances connected with an accused's arrest are admissible as evidence at trial, even those which establish the commission of another criminal offense and bring into question his character. [Cits.]" *Shakim v. State*, 211 Ga. App. 199, 201 (2) (438 SE2d 673) (1993).

The officers further testified that they suspected the appellant was a "lieutenant" in the drug ring headed by an individual they described as "a killer, a terrorist," because the drug dealing took place in the latter's territory. The appellant now contends that this testimony also placed his character in issue, but at trial failed to specify that (or any other) basis for objecting to that testimony. Under these circumstances, the objection was waived. *Hunter v. State*, 202 Ga. App. 195 (3) (413 SE2d 526) (1991).

During cross-examination of one of the arresting officers, defense counsel asked if the area of the apartment complex where the arrests occurred was highly traveled. In responding negatively, the officer stated that the drug dealers were bullies and had scared the residents away from that area. Defense counsel then moved for mistrial on the grounds that the officer's explanation placed the appellant's character in issue. The trial court gave a curative instruction for the jury to disregard the reference to bullies, but denied the motion for mistrial.

The officer's testimony was responsive to defense counsel's questioning, although perhaps more responsive than desired. Further, the officer had testified earlier without objection that the drug dealers had so scared the residents that they stayed away from that area. Under these circumstances, the trial court did not abuse its discretion in denying the motion for mistrial.

2. The appellant also contends that the trial court erred in denying his motion to sever based on antagonistic defenses asserted by the co-defendants. However, the existence of antagonistic defenses between co-defendants does not require separate trials, absent a showing of harm. *Chapman v. State*, 263 Ga. 393 (2) (435 SE2d 202) (1993); *Kennedy v. State*, 253 Ga. 132 (2) (317 SE2d 822) (1984). In the instant case, although remarks by counsel for the co-defendants may have singled out the appellant, the co-defendants testified and essentially denied any knowledge of or participation in drug trafficking by anyone, including the appellant. The appellant has shown no harm, and the trial court properly refused to sever the trial. Id.

3. Prior to the trial, defense counsel requested a continuance based on the appellant's failure to keep scheduled appointments for trial preparation. The appellant had been incarcerated in the city jail under a different name for approximately one month before the trial. He had never contacted defense counsel to inform her of his whereabouts.

The grant or denial of a motion for continuance lies within the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Watkins v. State*, 191 Ga. App. 87 (1) (381 SE2d 45) (1989). In the instant case, where the appellant was responsible for the lack of communication between himself and defense counsel, the trial court did not abuse its discretion in denying the motion for continuance. See *Rivers v. State*, 250 Ga. 303 (5) (298 SE2d 1) (1982).

4. Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offenses as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 16, 1994.

*Debra B. Randall*, for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.