## S94A1219. ROUSE v. THE STATE.
### (453 SE2d 30)

THOMPSON, Justice.

Henry Ison Rouse was convicted by a jury of felony murder in the shooting death of Wendy Smith; armed robbery of Watson Brown; aggravated assault on Charlene Howard; and, in a bifurcated nonjury proceeding, of possession of a firearm by a convicted felon.[1] He appeals from the judgments of conviction and sentences entered thereon, following the denial of his motion for new trial.

1. Rouse asserts the general grounds. Viewed in a light most favorable to the verdict, the evidence shows that on the night in question, Watson Brown was disturbed by noise outside his residence in a neighborhood known for drug activity. He went out to investigate and was confronted by a group of armed, masked men. One man, wielding a 9 millimeter pistol, demanded Brown's money. When Brown responded that he had none, he was pistol whipped and his wallet was removed. He succeeded in getting up and as he ran through the group of men surrounding him, he heard one of them say, "shoot him, he's getting away." A shot was fired in Brown's direction. Several seconds later a volley of gunfire followed. Wendy Smith and Charlene Howard were standing across the street; both were hit by gunfire as they attempted to escape from the line of fire. Wendy Smith died at the scene as the result of a medium caliber gunshot, such as a 9 millimeter, which penetrated her back and exited her chest; Charlene Howard was wounded by a 9 millimeter bullet.

A police officer who was dispatched to the scene observed several men running from the area of the reported shooting. One of them tossed a 9 millimeter pistol into a storm drain. The men jumped over a fence and fled through a vacant field. The officer subsequently observed a car approach the area at a high rate of speed. The driver

---

[1] The crimes occurred on June 21, 1992. Rouse was indicted on October 15, 1992. Trial began on December 7, 1992; a verdict was returned on December 10, 1992 and Rouse was sentenced on the same day. The convictions for felony murder and armed robbery were merged and a life sentence was imposed. He received a consecutive sentence of twenty years for aggravated assault, and a concurrent term of five years for possession of a firearm. Trial counsel filed a motion for new trial on January 4, 1993; appellate counsel filed a motion for new trial on January 7, 1993, which was amended on October 15, 1993. The motions were denied on March 15, 1994. A notice of appeal was filed on April 14, 1994. The case was docketed in this Court on May 9, 1994, and was submitted for decision on briefs on July 21, 1994.

(Rouse) lost control of the vehicle, which collided with a fence and came to a stop. Both Rouse and his passenger threw objects from the car. When asked for identification, Rouse removed a wallet from his pocket and kicked it into a storm drain; it was later determined to be the wallet taken from Watson Brown. Casings from a 9 millimeter pistol were found at the scene of the shooting, and 9 millimeter ammunition was found near Rouse's car.

Rouse was charged by indictment along with Eric Dewayne Black, Tarreco Walden, Alvin Emory Terry and Timothy Taylor; the latter three testified as witnesses for the State.[2] Their testimony established that Rouse and five other men had congregated that night for the purpose of robbing drug dealers of drugs and money. Rouse disclosed to Terry while driving into the area, that "he could kill somebody, and it would not bother him; it's all in the game." Five of the men were armed with various caliber weapons; Rouse was wearing a stocking mask and had a 9 millimeter pistol. The group accosted two individuals in the street (one being Watson Brown) and demanded money. Both men were beaten and pistol whipped; a wallet was taken from one of them (Brown) at gunpoint. Rouse was identified as having beaten one of the victims. Following the beating of Watson Brown, the perpetrators began firing their weapons. Walden testified that he ran and discarded his weapon when he saw the police arrive. He then rejoined Rouse in Rouse's car and the two drove off together. When the car came to a stop, Rouse gave Walden a bag containing 9 millimeter ammunition and instructed him to throw it out. They were then arrested.

On this evidence, the jury was authorized to find Rouse guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court correctly refused to charge the jury on felony grade involuntary manslaughter, OCGA § 16-5-3 (a).[3] Rouse asserts that the charge was authorized because there was evidence that the armed robbery had been completed and he was engaged in an escape when the shots were fired. Thus, he submits that the act of shooting constituted the misdemeanor offense of reckless conduct, OCGA § 16-5-60 (b).[4]

---

[2] Walden and Terry entered negotiated guilty pleas; Taylor testified under a grant of immunity.

[3] This Code section provides:
A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony.

[4] This Code section provides:
A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial or unjustifiable risk that his act or

Initially, we observe that the request was made orally during the charge conference; it was not reduced to writing. See *Daniel v. State*, 248 Ga. 271 (1) (282 SE2d 314) (1981) (failure to charge on a lesser offense is not error, in the absence of a written request). Assuming arguendo that the request was in proper form, the unrebutted evidence showed that the act which caused the death was a felony; there was no evidence raising the lesser offense. See *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). Even accepting Rouse's argument that he was attempting to escape from the act of armed robbery, "[a] homicide is within the res gestae of the underlying felony for the purpose of the felony-murder rule if it is committed while fleeing the scene of the crime." *Collier v. State*, 244 Ga. 553, 560 (3) (261 SE2d 364) (1979), overruled on other grounds, *Thompson v. State*, 263 Ga. 23 (2) (426 SE2d 895) (1993). Where the act that causes a death is a felony, a charge on involuntary manslaughter under OCGA § 16-5-3 (a) is not adjusted to the evidence, and is properly denied. *Mayweather v. State*, 254 Ga. 660 (2) (333 SE2d 597) (1985).

3. During a poll of the jury, all 12 jurors acknowledged their verdict both in the jury room and thereafter in the courtroom; however, there was a lack of unanimity when asked if the verdict was reached freely and voluntarily. One juror responded, "well, no, not really, not freely. . . . I have some question about it." A second juror responded that she reached her verdict, "with reservations," while two others stated that it was arrived at, "with difficulty." The court then recharged that the verdict "must be the free and voluntary verdict of each and every juror," and the jury was sent back for "further deliberations." Rouse's counsel asked the court for further explanation of a "free and voluntary verdict," while the State requested something in the nature of an *Allen* charge. The court declined to give either. The jury returned 30 minutes later with the identical verdict; and upon being repolled, expressed no reluctance.

> The indication of "reservations" does not prevent the verdict from being unanimous. The requirement is that a juror agree to a verdict. . . . [T]he juror[s] on two occasions answered affirmatively that the verdict was [theirs] in the jury room and still [theirs] upon being polled.

*Young v. State*, 239 Ga. 53, 60 (6) (236 SE2d 1) (1977). See also *Hanson v. State*, 258 Ga. 564 (4) (372 SE2d 436) (1988).

It is within the trial court's discretion to determine the need and

---

omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

breadth of additional jury instructions. *Golden v. State*, 263 Ga. 521 (3) (436 SE2d 11) (1993). We find no abuse of discretion in the court's refusal to give additional instructions.

4. Rouse was not denied effective assistance of trial counsel under the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 20, 1995.

*L. Elizabeth Lane*, for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Assistant Attorney General*, for appellee.