A95A0141. ALLISON v. THE STATE.
(459 SE2d 557)

JOHNSON, Judge.

Keith Allison appeals from his conviction of possessing cocaine with intent to distribute.

1. Allison argues the court erred in denying his motion to suppress cocaine found by a police officer during illegal searches of Allison and his automobile. "On review of a decision on a motion to suppress, we will construe the evidence most favorably to uphold the trial court's findings, and we will adopt the trial court's determinations on disputed facts and credibility if there is any evidence to support them. [Cit.]" *Popham v. State*, 214 Ga. App. 775, 777 (449 SE2d 150) (1994). Construed most favorably to uphold the trial court's findings, the evidence in the current case shows the police officer, who knew Allison's driver's license had been suspended, observed Allison driving his automobile. After Allison stopped and exited his car, the officer approached Allison and placed him in the back seat of the of-

ficer's patrol car. While Allison was in the patrol car, the officer searched the passenger compartment of Allison's automobile and found cocaine under the driver's seat. The officer then searched Allison and found cocaine hidden in his underwear.

Contrary to Allison's argument, this evidence shows the officer's searches of Allison and his car were valid. "Once a defendant has been placed under custodial arrest, police may search his person, incident to that arrest, for weapons or contraband." (Citation and punctuation omitted.) *Causey v. State*, 208 Ga. App. 389, 390 (3) (430 SE2d 594) (1993). Likewise, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. This court has held that a search is valid as an incident to a lawful custodial arrest where the defendant has been handcuffed and placed in a patrol car while the search was conducted. The decisive factor is whether the arrestee was, at the time of his arrest, a recent occupant of the automobile, not whether the automobile and its contents were in his immediate control at the time of the search." (Citations, punctuation and emphasis omitted.) *Sims v. State*, 197 Ga. App. 214, 215 (2) (398 SE2d 244) (1990).

Here, the police officer lawfully arrested Allison, by placing him in the back seat of the patrol car, for driving with a suspended license. See *Freeman v. State*, 195 Ga. App. 357, 358 (1) (393 SE2d 496) (1990); *State v. McCloud*, 187 Ga. App. 580, 582-583 (370 SE2d 831) (1988). The officer was then authorized to search incident to that lawful arrest both Allison's person and automobile. Because the searches of Allison and his car were incident to Allison's lawful arrest, the court did not err in denying Allison's motion to suppress the cocaine found during those searches. See *Bagwell v. State*, 214 Ga. App. 15, 17 (446 SE2d 739) (1994); *Daniel v. State*, 199 Ga. App. 180, 182 (404 SE2d 466) (1991).

2. In his second enumeration of error, Allison claims the court improperly admitted evidence of his bad character. In his brief, Allison has not stated the method by which this enumeration of error was preserved for consideration, as required by Court of Appeals Rule 15 (a) (1).[1] Instead, Allison refers to several pages of the trial transcript concerning the state's cross-examination of him and another defense witness, and the state's presentation of four rebuttal witnesses. A review of those pages reveals that Allison objected to the

---

[1] For appeals docketed in this court after January 1, 1995, the requirement that the appellant state the method by which an enumeration of error was preserved for appellate review is now contained in Court of Appeals Rule 27 (a) (1). Former Court of Appeals Rule 15 (a) (1), which contained the same requirement, applies to the instant appeal because it was docketed before the effective date of the new rules.

evidence on the grounds of relevance, hearsay and being beyond the scope of Allison's testimony, but Allison never raised any objection to the evidence on the ground that it improperly placed his character in issue. "In *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) (1991), this court refused to consider a claim of improper character evidence where that specific ground of objection was not made when the evidence was offered at trial. 'Reversal of the trial court is not authorized on the basis of an evidentiary ruling that the trial court was never called upon to make.' [Cit.] Likewise, in the absence of a specific objection below, it was waived." *Lewis v. State*, 208 Ga. App. 656, 658 (1) (431 SE2d 445) (1993). Because Allison failed to specifically object to the evidence on the ground that it impermissibly placed his character in issue, he may not raise that objection for the first time on appeal. See *Perry v. State*, 214 Ga. App. 444, 445 (1) (448 SE2d 74) (1994); *Dunn v. State*, 208 Ga. App. 197 (3) (430 SE2d 50) (1993).

3. Allison complains the court erred in admitting the cocaine into evidence over his chain of custody objection because the state's witnesses gave differing testimony as to the number of pieces of cocaine seized from Allison. The arresting officer testified that he counted 292 pieces of cocaine, put those pieces in a labeled evidence bag, sealed the bag and placed it in the police department's evidence storage bin. He also stated that he could have miscounted the number of pieces of cocaine. A police lieutenant testified that he and a detective removed the sealed bag from the evidence storage bin and delivered it to the state crime lab. A forensic chemist at the crime lab testified she received the sealed bag from the police lieutenant and detective; she opened the bag and counted 237 pieces of cocaine; she tested 20 of the pieces, which were positive for cocaine; she placed all the pieces back in the bag and resealed it; and she kept the resealed bag in her locker and then a storage vault until trial.

Contrary to Allison's complaint, the state adequately proved the chain of custody of the cocaine. The discrepancy between the testimony of the arresting officer and the forensic chemist as to the number of pieces of cocaine did not render the cocaine inadmissible. "Disparities in the testimony of the witnesses are an issue for resolution by the factfinder. Where the State's evidence concerning the chain of custody of evidence was in conflict: The fact that the testimony of the state's witnesses does not agree in all details goes to the weight but does not affect the admissibility of the evidence." (Citations and punctuation omitted.) *Thomas v. State*, 208 Ga. App. 476 (1) (430 SE2d 849) (1993). The trial court in the present case did not err in overruling Allison's chain of custody objection and in admitting the cocaine into evidence. See *Langham v. State*, 196 Ga. App. 71, 72 (1) (395 SE2d 345) (1990); *Wilson v. State*, 193 Ga. App. 183 (1) (387

SE2d 413) (1989).
*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 17, 1995 —
RECONSIDERATION DISMISSED JUNE 13, 1995.

*Ruby J. Thomas*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, William C. Akins, Assistant District Attorneys*, for appellee.