506 S.E.2d 698 (1998)
234 Ga. App. 376
The STATE
v.
WEATHERS.
No. A98A1457.
Court of Appeals of Georgia.
September 15, 1998.
Certiorari Denied January 15, 1999.
Daniel J. Porter, District Attorney, Ben L. Leutwyler III, Assistant District Attorney, for appellant.
Henderson & Lipscomb, David S. Lipscomb, Duluth, for appellee.
HAROLD R. BANKE, Senior Appellate Judge.
Jonathan W. Weathers was charged with possession of marijuana with intent to distribute and two counts of driving under the influence of drugs. After a hearing, the trial court granted Weathers' motion to suppress, and the State appeals that decision. OCGA § 5-7-1(a)(4).
Construed most favorably to uphold the trial court's findings, the record shows that the search at issue occurred after the arresting officer observed Weathers speed by at ten to fifteen mph over the speed limit. Allison v. State, 217 Ga.App. 580(1), 459 S.E.2d 557 (1995). When the officer also noticed Weathers weave within his lane and take a right on red without making a complete stop, he stopped Weathers. While requesting Weathers' license and insurance card, the officer noticed the smell of marijuana coming from the car. At that point, the officer took the license back to his patrol car, assured it was valid and Weathers was not wanted and wrote out a courtesy warning ticket for the speeding and turning violations. The officer then asked Weathers to walk back to the patrol car. He noticed that Weathers' eyes *699 were bloodshot and he staggered upon leaving the car.
At that point, the officer returned Weathers' license and insurance card and issued the ticket, explaining that it was a courtesy warning and would not affect Weathers' record. Then the officer asked Weathers if he had consumed any alcohol or marijuana, mentioning that he smelled the latter. Weathers admitted that he had been with people smoking marijuana all evening and consented to a search of his person. As the officer initiated the search, Weathers gave him a film canister containing a small amount of marijuana and admitted that he had smoked some earlier that night and taken some muscle relaxers. At that point, the officer arrested Weathers for driving under the influence and placed him in the rear of the patrol car.
The officer immediately began searching Weathers' car, where he found a closed compact disk bag on the front passenger seat. Upon unzipping the bag, the officer discovered what appeared to be marijuana.
Weathers moved to suppress the evidence garnered from the search of his car, arguing that the warrantless search exceeded the proper scope of a search incident to arrest. The trial court agreed, finding the search was not incident to a lawful arrest as required by OCGA § 17-5-1. Held:
The State maintains that Weathers' lawful arrest entitled him to search the passenger compartment of the car. We agree.
"[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). This rule extends to the contents of any containers found within the passenger compartment. Id.
"`This court has held that a search is valid as an incident to a lawful custodial arrest where the defendant has been handcuffed and placed in a patrol car while the search was conducted.'" Richardson v. State, 232 Ga.App. 398, 401(2), 501 S.E.2d 885 (1998). The decisive factor in determining whether a search incident to arrest is permissible is whether the arrestee was, at the time of his arrest, a "recent occupant" of the vehicle. Maddox v. State, 188 Ga.App. 883, 884(1), 374 S.E.2d 810 (1988).
This case involves a lawful custodial arrest of the occupant of an automobile. Although the officer issued only a courtesy ticket, the arrest stemmed from a traffic stop. Shortly after exiting the car, Weathers provided probable cause by giving the officer the film canister. OCGA § 17-4-20(a); see Jenkins v. State, 223 Ga.App. 486, 487(1), 477 S.E.2d 910 (1996). Without question, Weathers was a recent occupant of the vehicle at the time of his arrest. Thus, the search was not improper. State v. Nichols, 225 Ga.App. 609, 611(1)(b), 484 S.E.2d 507 (1997) (review of the interpretation and application of law in an order on a suppression motion is subject to de novo review). That Weathers was sitting in the patrol car during the search does not affect that conclusion. Allison, 217 Ga. App. at 580, 459 S.E.2d 557. Nor does the fact that probable cause for the arrest arose from outside the car. See id.; see Gilbert v. State, 209 Ga.App. 483, 484-485(2), 433 S.E.2d 664 (1993).
Judgment reversed.
JOHNSON, P.J., and SMITH, J., concur.